No. 3843

Second Circuit

(First Division)

---

## LUCAS v. MOREFIELD

---

(November 18, 1931. Opinion and Decree.)

---

Melvin F. Johnson, of Shreveport, attorney for plaintiff, appellant.

Jackson & Smith, of Shreveport, attorneys for defendant, appellee.

TALIAFERRO, J. Plaintiff brings this suit against defendant to recover $744, alleged balance due on his salary as bookkeeper and office manager for the first seven months of the year 1927. Said salary is alleged to have been $250 per month, making a total for the seven months of $1,750, against which there is an admitted credit of $1,006.

Defendant denies that he owes plaintiff any amount. He avers that plaintiff was employed by him many years prior to this suit at a salary of $250 per month under the terms of which employment all of plaintiff's time would be devoted to defendant's business; that during the month of May, 1926, he informed plaintiff that, on account of the condition of his (defendant's) business affairs, he would not require full time service of him, and would shortly be compelled to reduce his salary to an amount not exceeding $150 per month, and suggested that petitioner seek other employment to supplement this salary; that subsequent to this date, he notified plaintiff that beginning with November first, 1926, his salary would be $150 per month; that plaintiff did not demur to this action, but continued to serve in said capacity until July 31, 1927. Defendant further avers that plaintiff had authority to, and did in fact, draw his own salary checks when it suited his convenience, and that contrary to their agreement he drew $250 as salary for the months of November and December, 1926, an excess of $200 of amount due him, which fact was unknown to defendant until after plaintiff left his employment.

Defendant further pleads that notwithstanding plaintiff's entire time was engaged to him to the date his salary was reduced, yet he rendered services as bookkeeper to a Mr. R. R. Sutherland during the years 1925 and 1926 for which he was paid $1,487.50, of which defendant was ignorant until after plaintiff ceased to work for him.

Defendant reconvened against plaintiff and prayed for judgment against him for the $200 overpayment on salary account; for the $1,487.50 paid him by Mr. Sutherland, and for other amounts. However, these reconventional demands have been abandoned, and are not insisted on in this court.

The case was tried on January 29, 1929, resulting in judgment for plaintiff. At that trial, no evidence was adduced save that of the plaintiff and of the defendant. A motion for new trial was timely filed by defendant, and granted. The case was again tried on February 6, 1930. Plaintiff's demand was rejected and his suit dismissed. He appealed.

Plaintiff entered the service of defendant and his associates in the oil business in June, 1920. On January 1, 1925, he engaged his services to defendant alone at the salary of $250 per month as office manager and bookkeeper. At that time, the record discloses, defendant was very prosperous as a result of his ventures in the oil fields near Shreveport. As time passed on, his

business ceased to be prosperous and as early as May, 1926, he experienced difficulty in meeting his obligations; in fact, about this time he was forced to borrow money to carry on his operations and pay bills incidental to his business activities. In the spring of 1926, he entered the oil game in Arkansas and established an office in Camden, after which there was little to be done in the Shreveport office and plaintiff's duties were exceedingly light. Defendant's financial situation was discussed quite often between him and plaintiff, and defendant states that in May, 1926, he informed plaintiff that he would soon be forced to reduce his salary, and suggested that he find other employment to supplement the reduced salary. However, defendant does not contend that he actually reduced the salary of plaintiff until in October, which was to be effective the first of the following November.

Plaintiff's contention is that the salary was not reduced at all but that defendant asked him to not draw more than was actually needed, due to his depleted finances, and offers this as the reason for him not drawing more than $1,006 for the first seven months of 1927, on salary account.

The testimony of plaintiff and defendant is irreconcilable. Resort is necessary to other evidence in the case in order to determine the question of fact presented.

Defendant evinced an interest in plaintiff's welfare, on account of their long association in business, much greater than usually arises from the relation of employer and employee. In addition to the salary paid plaintiff, he was provided with living quarters in the building wherein defendant's office was, and he was given the opportunity of investing in the oil deals sponsored by defendant, a privilege employees of the large companies do not have.

Since there is no dispute touching the terms of plaintiff's employment to defendant prior to the asserted reduction in salary, it devolved upon defendant to corroborate his testimony to some extent in order to overcome the prima facie case made out by plaintiff. We assume the lower court held this view of the case after first trial. We think this correct. The original contract being admitted, any change or alteration in it should be proven by a preponderance of the evidence on part of the one claiming benefits flowing from such change. A careful study of the entire record before us impels the conclusion that the lower court has properly resolved the question of fact necessary to a decision of the issue involved. We would be reluctant to disagree with its findings, unless manifestly erroneous.

Mr. Sutherland, a mutual friend of both parties, also engaged in oil activities, representing himself, defendant and two others, as trustee, had an office in same building as defendant; in fact, the entire building was leased by defendant. Sutherland testified that he received a salary of $125 per month to keep the books of his trusteeship; and, during the years 1925 and 1926, he paid one-half of the amount to plaintiff to do the actual clerical work which devolved upon him; that he only apprised defendant of these facts after he was informed by defendant that he had been forced to reduce plaintiff's salary. This witness further testified that, some time prior to date plaintiff ceased to work for defendant, he overheard a conversation in the corridor of the building, close to his office, between defendant and another person, he assumed to be plaintiff, and imme-

diately thereafter defendant came from the corridor to the desk of this witness and stated that, "well it has come to a show down, I am awfully sorry, but I have had to reduce Lucas' salary because I just haven't got the money to pay him." It was at this time that the witness informed defendant that plaintiff was receiving $62.50 monthly from him.

This evidence was objected to as being hearsay. It was admissible, not as substantive proof, but in corroboration of defendant's own testimony, it having been made at a time and under circumstances not suspicious.

S. W. Brannon, who admits friendship for both plaintiff and defendant, testified that in the early part of 1927, February or March, he discussed with plaintiff an interest held by him (witness) in a lease of land in the Pleasant Hill oil field, and that plaintiff stated that he wished to "make some money on the outside because he had had his salary cut."

In addition to the corroborating evidence given by Sutherland and Brannon, practically all of the circumstances arising in the case and plausible inferences to be drawn from the testimony preponderate in favor of defendant. As stated heretofore, defendant's friendly interest in plaintiff was proven in many ways, and we have no doubt it was his intention to reinstate the original salary when his financial condition and business affairs justified such action. After defendant opened an office in Camden, Ark., plaintiff's duties were negligible, and it is not at all unreasonable to assume that any business man would not be willing to pay the salary thereafter as was paid prior thereto.

For the reasons herein assigned, the judgment appealed from is affirmed.