In this suit plaintiff is seeking to recover $420, alleged to be the balance of wages due him by defendant for services rendered as production foreman, pumper and other oil field work on a well owned by the defendant in Section 18, Township 21 North, Range 16 West, Caddo Parish, Louisiana, covering a period of time from January 1, 1941, to September 20, 1941. He alleged that his wages were fixed at the rate of $9 per day, seven days per week.
Plaintiff further alleged he made demands on the day he ceased his employment with defendant for his past due salary at the place and places where he was usually paid but that only $1 has been paid *Page 653 
on said account since December 20, 1941, although several payments were made on the account between September 20th and December 20, 1941. He contends that he is entitled, under Act No. 138 of 1936, to continuing wages and attorney's fees as damages. He also alleged that under the provisions of Act No. 100 of 1940, he has a laborer's lien and privilege upon the well and lease upon which it is located, and the equipment thereon. Plaintiff did not pray for a provisional seizure.
Defendant in answer denied that she owed plaintiff any amount and admitted the employment covering the period from January 1st to September 20, 1941. She denied his daily rate of pay was $9 during that period and alleged plaintiff was paid in full by her on December 20, 1941, and that the $1 given him after that date was a loan or "touch".
The lower court rendered judgment for the plaintiff in the sum of $234.89, rejecting his demands for continuing wages, attorney's fees and for a provisional seizure. Defendant is now prosecuting an appeal from that judgment and plaintiff has answered the appeal praying for judgment as originally prayed for in his petition.
The true facts of this case are most difficult to determine, due to the unbusiness-like method — if there was any method at all — in which plaintiff and defendant conducted their relations. There is only one thing which is definitely certain and that is the total amount of wages earned by plaintiff during the period of time he worked for defendant and it does not correspond with plaintiff's claim in his petition. He was employed at the rate of $9 per day every day in the month of January and February, 1941, and at a rate of pay of $7.20 for every day thereafter through September 20, 1941, making a total of $1,999.80, according to our figures, however, plaintiff only claims to have earned $1,926, and we will have to accept his figures as correct since we feel sure he is not claiming less than he earned.
Defendant filed in evidence checks she claimed were either paid to plaintiff or for him, with his consent, totaling $1,506, and she also testified to numerous other payments made to plaintiff in cash, totaling $320.96, making an amount of $1,826.96 she claims to have paid him. This would leave a balance due of $99.04, if defendant is entitled to all the credits claimed by her. She offered one check made payable to the C.I.T. Corporation for $45.14, which defendant claims she gave to a Mr. Giles, a former associate, to use for plaintiff and Mr. Giles testified that he used it for himself. Plaintiff should not be charged with this amount. Another cash item of $10, which defendant claims her daughter gave to plaintiff cannot be allowed under the testimony. Defendant also failed to establish a $25 cash payment she claims was wired to plaintiff by Mr. Giles.
There is a check for $40 made payable to R.W. Giles and endorsed only by R.W. Giles, which was charged to plaintiff. The testimony does not show that this check was paid to plaintiff for defendant's account. All other checks were issued directly to plaintiff for his account in settling judgments or claims against him and are properly charged to him, with the possible exception of a check for $11, of date April 12, 1941, made payable to plaintiff, but instead of being endorsed by him, it is endorsed by the maker the defendant herein. Without some explanation, and there is none, this amount cannot be allowed as a payment to plaintiff. It is also shown that on one $100 check issued to plaintiff by defendant, he was forced to pay a protest fee of $3.50, which amount will be deducted from the credits allowed defendant. All other cash payments claimed by defendant we are of the opinion she has established and is entitled to credit therefor. The difference, however, between the amount plaintiff claims he earned and the amount he was paid by defendant is $233.68.
The lower court arrived at a difference of $234.89, which is slightly more than our figures. We were not favored with a written opinion by the lower court, therefore, do not know which payments claimed by defendant the court disallowed, but are of the opinion they were the same ones we disallowed and either the lower court or we made a slight error in addition.
Defendant has not gone into the accounting phase of the case and rests her defense on what she contends was an accounting had by her and plaintiff in her counsel's office on November 13, 1941, at which time they agreed upon a balance due of $300; that on that date she gave plaintiff her check for $200 and on December 20th, the balance of $100 was paid to him. The meeting of plaintiff and defendant in the office of defendant's counsel took place and there was an agreement between them that $300 was to be paid by defendant. *Page 654 
Defendant contends it was on December 20th and the day he received the $100 check; plaintiff is just as positive it was in the early part of November or latter part of October. Plaintiff contends the agreement was a compromise and was not put into writing and that the conditions of the compromise were not carried out by defendant. Defendant contends it was a settlement arrived at by an accounting for the amount due plaintiff, less what she had paid him. If there was an accounting at that time, the amount was erroneously arrived at and is subject to correction. However, we are of the opinion it was a compromise for we are sure where there were so many payments made, many of which carried odd cents such as the C.I.T. Corporation check for $45.14 and like payments claimed by defendant, it would have been almost impossible by accounting to arrive at a round figure of $300. At that time and even up to the time of trial below, neither plaintiff nor defendant knew the correct status of the account. Since we find it was a compromise agreement, it was not binding because it was not reduced to writing. Revised Civil Code, Article 3071.
We are of the opinion, therefore, that the defense of payment urged by defendant based upon this compromise agreement not reduced to writing is not well founded.
Plaintiff is entitled to judgment for the sum of $233.68. This is not a suit in which the penalties provided for in Act No. 138 of 1936 can be allowed. The loose, haphazard manner in which plaintiff and defendant kept the records of their affairs is such as to always end in litigation. Plaintiff had no record or knowledge of what amount was due him when he resigned on September 20, 1941, and defendant was in no better position than he was. There had never been any regular pay days during the period of employment extending for eight months and twenty days. Defendant paid bills, settled judgments for plaintiff, paid him at times in small amounts and again in large sums. There was no regular place for payments to be made. Defendant often gave him money at her home or anywhere she saw him.
At the time plaintiff terminated his employment with defendant, he was not in a position to demand any specific amount of defendant for he did not know whether she owed him anything or not. We have no doubt about the sincerity of defendant in contesting plaintiff's claim and that she was justified in so doing is proven by the opinion of this court as well as the lower court that plaintiff is entitled to far less than he is claiming. The case developed into one of accounting and was so considered by the lower court and by us. We fail to find any error in the judgment of the lower court, except the small difference in calculating the amount of the award.
The judgment of the lower court is therefore amended by reducing the amount of award to plaintiff from $234.89 to $233.68, and as amended, it is affirmed with costs.