283 So.2d 826 (1973)
T. W. OTWELL, Plaintiff-Appellee,
v.
HOWARD LUMBER & SUPPLY COMPANY, INC., Defendant-Appellant.
No. 12099.
Court of Appeal of Louisiana, Second Circuit.
September 11, 1973.
Rehearing Denied October 10, 1973.
Writ Refused December 14, 1973.
*827 Emmons & Henry, by Edgerton L. Henry and Joseph A. Reeves, Jr., Jonesboro, for defendant-appellant.
Holloway, Baker, Culpepper, Brunson & Cooper, by D. G. Brunson, Jonesboro, for plaintiff-appellee.
Before AYRES, BOLIN and PRICE, JJ.
En Banc Rehearing Denied October 10, 1973.
AYRES, Judge.
By this action plaintiff, as a former employee of defendant, seeks to recover a final week's salary and, under LSA-R.S. 23:631 and 632, a continuing wage and a reasonable attorney's fee as penalties for defendant's alleged failure and refusal to pay the amount due him under the terms of his employment contract within twenty-four hours following the termination of his services.
After trial plaintiff was awarded the week's wages in the sum of $115.19, with a continuing wage at the same rate for a period of ninety days, plus an attorney's fee of $300.00, the total of which aggravated the principal sum of $1,896.59. From this judgment, defendant prosecutes an appeal, suspensive and devolutive.
Defendant, among other things, is engaged in the business of financing and constructing residential projects and family dwellings. Plaintiff was employed by defendant as a salesman to procure applications and contracts for such constructions. His compensation was fixed at $500.00 per month plus commissions. No commissions, however, are claimed in this action.
Plaintiff, after a period of employment of approximately two months, voluntarily terminated his employment with defendant to accept similar employment elsewhere. Upon bringing his desire for a change in employment to the attention of defendant's sales manager, his superior, the sales manager requested plaintiff to remain in defendant's employ for another week to acquaint other salesmen of defendant with the status of the specific matters plaintiff then had under way.
We find no substantial basis for disagreement with the trial court's conclusion that defendant was indebted unto plaintiff for the additional week's wages. Plaintiff and defendant's sales manager were in accord in their testimony as to plaintiff's continued employment during that period of time. The testimony as to whether plaintiff *828 performed any services for defendant during that week is, however, very much in conflict. The trial court concluded that the evidence was sufficient to justify an award in plaintiff's favor. We are not in position to conclude from the record that there was manifest error in this finding, particularly in view of the fact that the evidence indicates any failure to perform service for his employer was not chargeable to plaintiff who was apparently ready, willing, and in position to perform the tasks for which he was retained in defendant's services.
Plaintiff's demands for a continuing wage and attorney's fees as penalties present a more serious question. The statutes upon which this action in that regard is based provide:
"It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid." (Emphasis supplied.)
LSA-R.S. 23:631.
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day's [sic] wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys' fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation. As amended Acts 1964, No. 422, § 1."
LSA-R.S. 23:632.
From the record in this case, it cannot be concluded to any degree of certainty that plaintiff ever made a demand upon defendant or any of its officers or agents having authority with respect to the payment of plaintiff's wages. Apparently, the most his testimony establishes is that a discussion took place between plaintiff and two former fellow-employees who called upon him for and obtained possession of defendant's automobile and gasoline credit cards which had been provided plaintiff for use in connection with his employment. Thus, no showing was produced that contact with or demand for the payment of wages was made upon anyone in defendant's organization having authority to issue checks or to make payments. Moreover, the record is void of any proof that plaintiff ever made demand upon defendant at the place where he was usually paid for his services.
The record leaves no room for question that plaintiff and all other employees of defendant were paid by check delivered to the employees in person at defendant's office. This practice was instituted many years ago to prevent confusion and difficulties which had arisen which were fully explained in defendant's testimony. Plaintiff was familiar with this practice, as well as the mode and place of payment, for it was there and in that manner that he was paid his wages during the period of his employment.
The provisions of the aforesaid statutes are coercive and penal in nature and as such must be strictly construed. They yield to equitable defenses. Mitchell v. First National Life Insurance Co. of La., 236 La. 696, 109 So.2d 61 (1959); Krison v. Texas Industries, Inc., 253 So.2d *829 614, 623 (La.App., 2d Cir. 1971); Stell v. Caylor, 223 So.2d 423 (La.App., 3d Cir. 1969).
Although demands of former employees for penalties have often been denied because of equitable defenses, few courts have discussed the term. Our brethren of the Third Circuit have, however, noted several factors which should be considered in finding sufficient evidence to establish an equitable defense. For instance, in Becker v. Choate, 204 So.2d 680, 683-684 (1967-writ refused, 1968), the court made this observation:
"While cases on this point generally state that R.S. 23:632 is subject to `equitable defenses', we are of the opinion that the word `defenses' does not mean a `defense' in the strict sense of the word. Rather, the tenor of these cases seems to indicate that the court will refuse to assess penalties and attorneys' fees where the facts of the particular case strongly indicate that greater justice will be attained by such refusal. These facts then become equitable considerations, or `defenses' in a loose sense of the word, which will move the court to deny the penalties."
The court in the last-cited case had previously observed:
"Although an employer's delay in paying wages earned by employees within twenty-four hours after their discharge or resignation renders him liable for penalties under R.S. 23:632, this statute must be strictly construed, and it is well settled that the courts will refuse to allow penalties if the employer had some equitable justification for not paying the wages timely. Mitchell v. First Nat. Life Ins. Co. of La., 236 La. 696, 109 So.2d 61 (1959); Clevy v. O'Meara, 236 La. 640, 108 So.2d 538 (1959). See also, Strickland v. American Pitch Pine Export Co., 224 La. 949, 71 So.2d 338; Deardorf v. Hunter, 160 La. 213, 106 So. 831 (1926); Tuberville v. Foster, La. App. 1 Cir., (1959), 113 So.2d 805."
204 So.2d 680, 683.
See, also: Martin v. Burns, 267 So.2d 913, 915-916 (La.App., 1st Cir. 1972); Clement v. Levenson, 236 So.2d 316, 317 (La.App., 4th Cir. 1970); Bielstein v. Hawkins, 50 So.2d 523 (La.App., 1st Cir. 1951).
In this connection, it may be pointed out from the record that a bona fide dispute arose as to whether defendant owed plaintiff anything or any amount. While it is true a check was routinely issued for plaintiff's week's wages, upon reflection considerable doubt arose, as heretofore noted, as to whether plaintiff rendered any services in defendant's behalf during the week in question. From plaintiff's own testimony the conclusion is inescapable that whatever services he rendered during that period, if any, were, indeed, meager.
Thus, where there is a bona fide dispute or question as to whether wages are due, a failure to pay may not properly be classified as an arbitrary refusal to pay under the terms of the statute. Under such circumstances penalties are not properly allowable. It is not sufficient to warrant the imposition of penalties to merely establish there were wages actually due and owing. Two additional facts are essential elements to be established in order that penalties may be held to have been incurred; they are a demand for payment, in accordance with the provisions of the statute, and an arbitrary refusal to pay following demand. The burden of proof is upon the former employee to establish all the essentials prerequisite to recovery. As already noted, no demand whatever was established to have been made at defendant's office where the employees were usually and customarily paid. The facts before us in this record do not warrant the imposition of such stringent penalties as are made available for a more flagrant violation of an employer's responsibility.
The judgment appealed is amended by the rejection of plaintiff's demands for a continuing wage and an attorney's fee. More specifically stated, the judgment is *830 amended by reducing the amount of the award to $115.19 and, as thus amended, is affirmed.
Plaintiff-appellee is assessed with the costs of the appeal.
Amended and affirmed.