303 So.2d 493 (1974)
Joseph Larry PORTER, Plaintiff-Appellant,
v.
Charles LOMBARDINO et al., Defendants-Appellees.
No. 12424.
Court of Appeal of Louisiana, Second Circuit.
November 11, 1974.
Rehearing Denied, December 10, 1974.
Writ Refused January 31, 1975.
*494 Goode & Goode by William L. Goode, Shreveport, for plaintiff-appellant.
Robinson & McKneely by Billy R. Robinson, Bossier City, for Charles Lombardino and P. B. Lombardino, defendants-appellees.
Before AYRES, BOLIN and DENNIS, JJ.
En Banc. Rehearing Denied, December 10, 1974.
AYRES, Judge.
This is an action under the so-called continuing wage statute (LSA-R.S. 23:631 and 23:632). Plaintiff was employed at defendants' Amber Inn Restaurant in Bossier City as a combination porter, deliveryman, and dishwasher. Following one day's work, that is, from 6:00 p. m. on May 11, 1973, until 3:00 a. m. on May 12, 1973, plaintiff's services were terminated by him for the reason, as contended by him, of adverse working conditions. Notwithstanding that demands were subsequently made under date of May 27, 1973, defendants refused to pay plaintiff his wages for the aforesaid day's work contending that by reason of losses sustained by them due to plaintiff's fault he was not due anything.
Following this refusal to pay, plaintiff instituted this action to recover wages dating from May 27, 1973, the date demand was made, until payment was actually made, or for a period of 90 days, whichever was less, together with legal interest plus a reasonable attorney's fee. After trial plaintiff was awarded judgment for the sum of $9.17 for his one day's wages, but his demands for penalties in the nature of a continuing wage and attorney's fees were rejected. From a judgment thus rendered and signed, plaintiff prosecutes a devolutive appeal to this court.
A primary issue presented to this court for determination is a question as to the existence of an equitable defense to plaintiff's claim. This defense is based upon a counterclaim which arose out of the spoilage of food chargeable to plaintiff's fault.
In this connection, the record discloses that plaintiff was sent with an order of food to the Sunset Lounge, located on the same street as defendant's restaurant. Prior to that occasion, plaintiff had been shown the way to this lounge by a son of one of the defendants. Nevertheless, it appears from the record that plaintiff got lost and drove to the other side of town and could not find his way. An hour-and-a-half elapsed before he returned to the restaurant with the undelivered order of food.
One of the defendants testified that he was a member of the Louisiana Restaurant Association and that in the restaurant business it was customary to hold employees responsible for spoilage and breakage which occurred as a direct result of the employees' fault. This testimony was corroborated by the other of the two partners. Moreover, the plaintiff was informed before leaving with the order that he would be responsible for delivery of the food or for its spoilage.
Only questions of a continuing wage and attorney's fees as penalties are involved on this appeal. The sections of the statute upon which this action is based, provide:
"It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment *495 is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid." LSA-R.S. 23:631.
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day's [sic] wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys' fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation." (Emphasis supplied.) LSA-R.S. 23:632 (as amended by Act 422 of 1964).
The provisions of the aforesaid sections of the statute are generally coercive and penal in nature, must be strictly construed, and usually yield to equitable defenses. Mitchell v. First National Life Insurance Co. of La., 236 La. 696, 109 So. 2d 61 (1959); Otwell v. Howard Lumber & Supply Company, Inc., 283 So.2d 826, 829 (La.App., 2d Cir., 1973writ refused, 1973); Krison v. Texas Industries, Inc., 253 So.2d 614, 623 (La.App., 2d Cir., 1971); Stell v. Caylor, 223 So.2d 423 (La. App., 3d Cir., 1969).
In Otwell v. Howard Lumber & Supply Company, Inc., supra, we had occasion to review the aforesaid statutory provisions and the jurisprudence on the subject matter which is now under consideration. There we stated:
"Although demands of former employees for penalties have often been denied because of equitable defenses, few courts have discussed the term. Our brethren of the Third Circuit have, however, noted several factors which should be considered in finding sufficient evidence to establish an equitable defense. For instance, in Becker v. Choate, 204 So.2d 680, 683-684 (1967writ refused, 1968), the court made this observation:
"`While cases on this point generally state that R.S. 23:632 is subject to "equitable defenses", we are of the opinion that the word "defenses" does not mean a "defense" in the strict sense of the word. Rather, the tenor of these cases seems to indicate that the court will refuse to assess penalties and attorneys' fees where the facts of the particular case strongly indicate that greater justice will be attained by such refusal. These facts then become equitable considerations, or "defenses" in a loose sense of the word, which will move the court to deny the penalties.'
"The court in the last-cited case [Becker v. Choate, 204 So.2d 680, 683 (La.App., 3d Cir., 1967writ refused, 1968)] had previously observed:
"`Although an employer's delay in paying wages earned by employees within twenty-four hours after their discharge or resignation renders him liable for penalties under R.S. 23:632, this statute must be strictly construed, and it is well settled that the courts will refuse to allow penalties if the employer had some equitable justification for not paying the wages timely. Mitchell v. First Nat. Life Ins. Co. of La., 236 La. 696, 109 So.2d 61 (1959); Clevy v. O'Meara, 236 La. 640, 108 So.2d 538 (1959). See also, Strickland v. American Pitch Pine Export Co., 224 La. 949, 71 So.2d 338; Deardorf v. Hunter, 160 La. 213, 106 So. 831 (1926); Tuberville v. Foster, La.App. 1 Cir., (1959), 113 So.2d 805.'
"204 So.2d 680, 683.

*496 "See, also: Martin v. Burns, 267 So.2d 913, 915-916 (La.App., 1st Cir. 1972); Clement v. Levenson, 236 So.2d 316, 317 (La.App., 4th Cir. 1970); Bielstein v. Hawkins, 50 So.2d 523 (La.App., 1st Cir. 1951)." (Emphasis supplied.)
It may be pointed out from the record that a bona fide dispute arose as to whether defendants owed plaintiff anything or any amount. In this regard, we further observed in Otwell v. Howard Lumber & Supply Company, Inc., supra:

"Thus, where there is a bona fide dispute or question as to whether wages are due, a failure to pay may not properly be classified as an arbitrary refusal to pay under the terms of the statute. Under such circumstances penalties are not properly allowable. It is not sufficient to warrant the imposition of penalties to merely establish there were wages actually due and owing. Two additional facts are essential elements to be established in order that penalties may be held to have been incurred; they are a demand for payment, in accordance with the provisions of the statute, and an arbitrary refusal to pay following demand. The burden of proof is upon the former employee to establish all the essentials prerequisite to recovery." (Emphasis supplied.)
So far as the provisions of the sections of the statute (LSA-R.S. 23: 631 and 23:632), as quoted hereinabove, concern penalties in the nature of a continuing wage, they are, as heretofore noted, penal in character and under the jurisprudence usually must yield to equitable defenses. Hence plaintiff's demands for a continuing wage are untenable.
However, it is contended that a different situation exists with reference to the allowance and taxation as cost of a reasonable attorney's fee for the laborer who finds it necessary to employ an attorney to prosecute his claim for unpaid wages. The latter of the two sections of the statute, as amended by Act 422 of 1964, appears to have had two primary purposes or effects. The first is to limit the recovery by an employee not paid within 24 hours of his discharge or resignation to his full wages from the time of demand until payment or tender subject to a maximum of 90 days' wages at his daily rate of pay. Under prior law there was no maximum or limit of time. The amendment appears to permit an employer to contest the employee's claim without being exposed to the payment, by way of penalty, of more than 90 days' wages to the employee in the event judgment is rendered in the employee's favor.
However, as concerns the recovery of attorney's fees, the amendment substituted the words "well-founded suit" for the words "just suit" which formerly appeared in the statutory provision. Moreover, it is now provided that, if the employee recovers "any unpaid wages whatsoever," reasonable attorney's fees "shall be taxed as costs to be paid by the employer." (Emphasis supplied.) (See comments of Dr. J. Denson Smith, professor of law, Louisiana State University, 25 La.L.Rev. 26.)
We are not unmindful that this court in Otwell v. Howard Lumber & Supply Company, Inc., supra, amended the judgment appealed so as to allow the recovery of unpaid wages, but nevertheless to deny penalties and attorney's fees.
We are also aware of the recent opinion in Pittman v. Eyrand, 290 So.2d 800, 802 (La.App., 4th Cir., 1974), wherein it was stated:
"Our courts have not permitted the imposition of the penalties provided under LSA-R.S. 23:632 when wages are withheld by the employer without the right to do so, unless the employer is found to be motivated by bad faith or is arbitrary or unreasonable. See Becker v. Choate, 204 So.2d 680 (La.App. 3rd Cir. 1967). Nor have penalties and attorney's fees been awarded where there is a bona fide dispute as to wages due, and the employer *497 refuses to pay the disputed wages. See Clevy v. O'Meara, 236 La. 640, 108 So.2d 538 (1959). The statutory provisions on penalties and attorney's fees were enacted in order to protect employees from being taken advantage of by unscrupulous employers who wrongfully refuse payment of wages. It was not intended to apply to situations in which the employer in good faith refuses wages due. Applying the jurisprudence to the instant matter, we conclude the trial judge erred in awarding penalty wages and attorney's fees."
In neither of these cases was the 1964 amendment to LSA-R.S. 23:632 discussed. Decisions in both cases were based upon the jurisprudence as it existed prior to the amendment. No authorities construing the amendment have been found. If this amendment did not have the effect of directing the allowance of attorney's fees in instances such as this, it was meaningless. We cannot attribute to the Legislature that it intended a vain and useless thing.
That the law with which we are presently concerned may appear inequitable in some instances is a matter with which this court may not be overconcerned. LSA-C.C. Art. 20 recites:
"The distinction of laws into odious laws and laws entitled to favor, with a view of narrowing or extending their construction, can not be made by those whose duty it is to interpret them."
The court's duty is to interpret and apply the law and not to question its wisdom or that of the Legislature in enacting it. Nor may the courts examine the motives of the Legislature. Arata v. Louisiana Stadium and Exposition District, 254 La. 579, 225 So.2d 362 (1969)cert. denied, 396 U.S. 279, 90 S.Ct. 569, 24 L.Ed.2d 467; Whitney National Bank in Jefferson Parish v. James, 189 So.2d 430 (La.App., 1st Cir., 1966writs denied, 249 La. 759, 191 So.2d 140).
Inasmuch as the trial court found, and in which finding we concur, that plaintiff's action was a well-founded suit for unpaid wages which he was permitted to recover, the conclusion is unavoidable, from the language of the statute, that plaintiff is entitled to an award of a reasonable attorney's fee and to have the same taxed as cost. Considering the nature and character of plaintiff's claim, the award as made, and the services of the attorney in both the trial and appellate courts, we deem a fee of $100.00 meets the ends of justice.
Therefore, for the reasons hereinabove assigned, the judgment appealed is amended by the allowance and taxation as cost of the aforementioned attorney's fee in the sum of $100.00, levied and taxed as cost against the defendants, Charles Lombardino and P. B. Lombardino, who are likewise assessed with all other costs.
Amended and affirmed.
BOLIN, J., dissents with written reasons.
BOLIN, Judge (dissenting).
I dissent from that portion of our opinion awarding attorney's fees and taxing same as costs. This is contrary to Otwell v. Howard Lumber & Supply Company, Inc., (writs refused), supra, and other Court of Appeal cases cited in the majority opinion. While it may be true the effect of Act 422 of 1964 was not urged in the cited cases, this is a matter of conjecture.