314 So.2d 531 (1975)
George P. ROBERTSON
v.
INTERNATIONAL MOTOR COMPANY OF HOUMA, INC.
No. 10216.
Court of Appeal of Louisiana, First Circuit.
May 19, 1975.
Rehearing Denied July 9, 1975.
Jerald P. Block, Thibodaux, for appellant.
Philip J. McMahon, Houma, for appellee.
*532 Before LANDRY, BLANCHE and YELVERTON, JJ.
BLANCHE, Judge.
Plaintiff-appellant, George P. Robertson, appeals from a judgment of the Thirty-second Judicial District Court denying his request for penalties and attorney's fees as provided for in L.S.A. R.S. 23:632[1] from his former employer, the defendant-appellee, International Motor Company of Houma, Inc. The plaintiff was awarded wages under L.S.A. R.S. 23:631,[2] and neither party appeals that award.
In August, 1973, the plaintiff was hired by International as an outside truck salesman, at a salary of $800 per month, payable bi-monthly on the first and fifteenth days of the month. The plaintiff's duties were to contact various businesses and persons who might be in the market for new trucks. Prior to working for International, the plaintiff held a similar position selling automobiles for Lafourche Motors in Thibodeaux, Louisiana. Because of the nature of this work, the plaintiff was given great leeway in the performance of his job. One of the requirements of his employer, however, was that he report in writing to International's manager, Mr. Adolph Geist, enumerating the various calls and contacts he had made during the day. If he was working out of town, the plaintiff was required to telephone such information to Geist. The plaintiff received his pay on August 15 and September 1, as per the employment agreement.
International alleged that the plaintiff was terminated on September 12, 1973, for failure to perform his duties as required in their employment agreement. After his termination on the 12th, plaintiff waited several days for his paycheck, but none was forthcoming. He then contacted Robert W. Kappel, president of International, concerning his wages, but Kappel informed the plaintiff that no wages were due him since International was of the opinion that he had not performed his job at all from September 1st through September 8th. The 8th was the last day that International had received the required daily report from the plaintiff.
On November 26, 1973, International mailed a check to the plaintiff for wages from September 1st through September 8th. Thereafter, suit was brought by the plaintiff seeking the additional wages from September 9th through September 12th, and attorney's fees and penalties as provided for in Section 632. The trial judge held that International had failed to show the plaintiff had not performed his duties from September 9th through September 12th and awarded additional wages for that period. He denied the plaintiff's claim for penalties and attorney's fees. The plaintiff-appellant's "single assignment of error is that the trial court erred when it did not assess the penalties and attorney's fees provided by LSA-R.S. 23:632."
Recently in Porter v. Lombardino, 303 So.2d 493 (La.App. 2d Cir. 1974) and Scallan v. Mark Petroleum Corp., 303 So.2d 498 (La.App. 2d Cir. 1974), the Second Circuit departed from prior jurisprudence and held that under Section 632, it is mandatory to award attorney's fees in any case where unpaid wages are recovered under the statute, regardless of equitable defenses on the part of the employer. In Porter, the court was of the opinion that this interpretation of Section 632 was compelled *533 by Act 422 of 1964, which amended R.S. 23:632 wherein it:
". . . substituted the words `well-founded suit' for the words `just suit' which formerly appeared in the statutory provision. Moreover, it is now provided that, if the employee recovers `any unpaid wages whatsoever,' reasonable attorney's fees `shall be taxed as costs to be paid by the employer.' (Emphasis supplied.) (See comments of Dr. J. Denson Smith, professor of law, Louisiana State University, 25 La.L.Rev. 26.)"
The court recognized that prior jurisprudence had always held that attorney's fees were not recoverable if there was a bona fide dispute concerning the wages, even though the employee was later successful in collecting the disputed wages by bringing suit under the statute, citing Otwell v. Howard Lumber & Supply Co., Inc., 283 So.2d 826 (La.App. 2nd Cir. 1973), writ refused, 286 So.2d 364 (La.Sup.Ct.1973), and Pittman v. Eyrand, 290 So.2d 800 (La.App. 4th Cir. 1974). See also Mitchell v. First National Life Insurance Co. of La., 236 La. 696, 109 So.2d 61 (1959). The court pointed out, however, that the 1964 amendment had never been interpreted with regard to its effect upon attorney's fees under the statute. For this reason, the court was of the opinion that the cases awarding attorney's fees under the statute which were decided subsequent to the 1964 amendment were not the controlling law on the matter, as they never squarely met the issues presented by said amendment. In addition, those cases prior to 1964 were likewise not controlling as they were legislatively overruled or modified to the extent that they conflicted with Section 632 as amended by Act 422 of 1964.
In Scallan, the court noted that no distinction had ever been made in the prior jurisprudence between the provisions of Section 632 providing for penalties in the nature of continuing wages and the provision for attorney's fees, noting that the equitable defense doctrine had always been applied to both. This, of course, fails to consider the change concerning the award of attorney's fees brought about by Act 244 of 1964. In Porter, the court decided that if the amendment did not have the effect of directing the allowance of attorney's fees in situations where the employee recovered the disputed wages, then the amendment was meaningless. The court then concluded that the legislature, in enacting the amendment, would not have intended a vain and useless thing.
We concur that the results reached in Porter and Scallan are correct in that the purpose of the statute is to insure prompt payment of wages to a terminated employee. To acknowledge equitable defenses to the payment of attorney's fees on the part of the employer where the employee successfully collects disputed wages would dampen the incentive of the employee to bring suit. In the instant case, wages from September 1st through September 12th were awarded to the plaintiff by the trial court and the defendant has not appealed that award. Therefore, following the Porter and Scallan interpretation of Section 632, reasonable attorney's fees are due in the instant case.
Act 422 of 1964 also amended Section 632 to limit the recovery of an employee not paid within 24 hours of his discharge or resignation to his full wages from time of demand until payment or tender, subject, however, to a maximum of 90 days wages at his daily rate of pay. Under the prior law, there was no maximum. There was no other change in wording regarding the collection of penalties. The courts in Porter and Scallan, decided that the amendment made no change in the jurisprudential requirement that an arbitrary refusal to pay by the employer is required before the courts impose penalties under the statute.[3]
*534 Concerning penalties under the statute, we agree with Porter and Scallan that the amendment merely put a limit upon the maximum penalty wages recoverable by the employee. Therefore, contrary to the situation regarding attorney's fees discussed supra, the jurisprudence concerning recovery of penalties under the statute remains unaffected by the amendment. The jurisprudential requirements for penalties was succinctly set forth in Otwell, supra, as follows:
". . . where there is a bona fide dispute or question as to whether wages are due, a failure to pay may not properly be classified as an arbitrary refusal to pay under the terms of the statute. Under such circumstances penalties are not properly allowable. It is not sufficient to warrant the imposition of penalties to merely establish there were wages actually due and owing. Two additional facts are essential elements to be established in order that penalties may be held to have been incurred; they are a demand for payment, in accordance with the provisions of the statute, and an arbitrary refusal to pay following demand. The burden of proof is upon the former employee to establish all the essentials prerequisite to recovery."
Regarding the aforementioned criteria, the trial judge found as a fact that International was not in bad faith or arbitrary in their denial that wages were due the plaintiff. There is ample evidence in the record to support his conclusion that International was in good faith in disputing that wages were due to the plaintiff, and under the circumstances of the case, we cannot say that his determination was manifestly erroneous.
We note that the plaintiff admitted he failed to follow instructions regarding the requirement to report to Geist on a daily basis. The record establishes that September 8th was the only day in September that the plaintiff submitted his daily report to Geist, even though he did see Geist on September 2nd for the purpose of announcing the birth of his son. It was also established that Geist warned the plaintiff concerning his responsibility to submit his daily reports on more than one instance prior to his termination. The fact that the plaintiff reported only one day out of twelve when he was required to report every day is ample justification for his employer to dispute his entitlement to wages during that period. In view of the evidence presented, we find there was a bona fide dispute regarding the plaintiff's wages.
The plaintiff points out that International's decision to pay the plaintiff from September 1st through September 8th was made some time in the latter part of September, though the check was not mailed to him until November 26th, approximately two months later. He argues that after International's decision to pay, the wages for the period were no longer subject to a bona fide dispute, and therefore under the above cited jurisprudence, penalties are due. Even granting the plaintiff's contention that the wages were no longer in dispute, he is precluded from recovering penalties in view of the trial judge's finding that the facts established at the trial presented a reasonable basis for the delay. During the period in question, International was moving their physical plant from one location to another, and in the resulting confusion, the plaintiff was inadvertently not paid. In addition, during the period in question, the manager, Geist, who handles such matters for International, was on a short vacation. The trial judge noted, however, that upon moving into the new facility and discovering the plaintiff had not been paid, Geist immediately ordered the check to be drawn and mailed to him. He specifically held that *535 International was not in bad faith regarding the delay, especially in view of the fact that the check was mailed over one week prior to their receiving notice that the plaintiff was instituting the present suit. We cannot say that the trial judge's conclusion regarding the good faith of International was manifestly erroneous under the facts. Being in good faith, their failure to pay the plaintiff promptly as required by the statute cannot be considered as arbitrary. We therefore agree with the trial judge's determination that no penalties are due.
Considering the nature and character of plaintiff's claim, the award as made, and the services of the attorney in both the trial and appellate courts, we deem a fee of $500 is just and equitable.
For the above and foregoing reasons, the judgment of the Thirty-second Judicial District Court granting to the plaintiff, George P. Robertson, the sum of $320.04, representing wages earned from September 1st, 1973 through and including September 12, 1973, against the defendant, International Motor Company of Houma, Inc., is hereby affirmed. The judgment of the trial court denying the plaintiff's request for penalties pursuant to R.S. 23:632 is hereby affirmed.
The judgment of the trial court denying the plaintiff's request for attorney's fees pursuant to R.S. 23:632 is hereby reversed. It is ordered, adjudged and decreed that the plaintiff, George P. Robertson, be awarded judgment against the defendant, International Motor Company of Houma, Inc. in the amount of $500, together with legal interest from date of judicial demand. The costs of these proceedings to be paid by the defendant, International Motor Company of Houma, Inc.
Affirmed in part, reversed in part, and rendered.
NOTES
[1] L.S.A.-R.S. 632: Reasonable attorneys' fees shall be allowed and taxed as costs to be paid by the employer in the event of a "well-founded suit" for any unpaid wages after 24 hours shall have elapsed from the time of making the first demand therefor following discharge or resignation.
[2] L.S.A.-R.S. 631: On the discharge or resignation of employees, employers are required to make payment of wages within 24 hours after termination of employment.
[3] See, also, the comments of Dr. J. Denson Smith, Professor of Law, Louisiana State University, in 25 La.L.Rev. 26.