338 So.2d 763 (1976)
Stanley R. SIFERS
v.
EXXON CORPORATION.
No. 7602.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1976.
Rehearing Denied November 16, 1976.
*764 Carl & Roussel, James H. Leveque, III, New Orleans, for plaintiff-appellant.
Bernard J. Caillouet, E. Burt Harris, Elliotte M. Harold, Jr., New Orleans, for defendant-appellee.
Before LEMMON, GULOTTA and BEER, JJ.
BEER, Judge.
Plaintiff-appellant, Stanley R. Sifers, instituted this suit on September 2, 1975, seeking attorney fees and penalty wages from his former employer, defendant-appellee, Exxon Corporation, alleging their failure to make timely payment of wages due.
Sifers alleged that he was employed by Exxon as a mechanic for some time prior to April 18, 1975, on which date he was laid off and that, at the time of this termination, he was owed $62.45 in wages. On May 8, 1975, Exxon issued a check to Sifers in the amount of $30.02. On May 10, 1975, Sifers made demand, at his former employer's place of business (where he was ordinarily and customarily paid) for the remainder, $32.43.
Subsequent to his demand of May 10, 1975, Sifers repeated his demand for the amount due, both personally at Exxon's place of business and through the Louisiana State Department of Labor, allegedly to no avail. On July 18, 1975, Exxon wrote to Sifers acknowledging that they owed him $32.43. On July 21, 1975, Sifers received and cashed a check from them in that amount.
Basically, Exxon's exception contends that since, at the time of filing of the petition, all the wages due Sifers had been paid, he is due nothing further and has no cause of action.
Judgment was rendered maintaining the exception and dismissing Sifers' claim. From that adverse judgment, he appeals.
Sifers contends that his acceptance of the overdue wages neither estopped him from claiming the penalties and attorneys' fees provided under LSA-R.S. 23:631 and 632,[1] *765 nor deprive him of a cause of action for same. He argues that statutory "penalty wages" are due an employee even though the actual delinquent wages were paid prior to the expiration of the 90-day penalty period but subsequent to the 24-hour grace period. He avers that late payment has the effect of terminating the penalty period, not negating the penalties altogether and that "penalty wages" are, nevertheless, wages.
On the other hand, Exxon urges the existence of a good faith dispute over wages which was resolved in favor of Sifers after investigation and prior to suit. They claim an "equitable defense" which exempts the employer from application of the statute. Finally, Exxon points out that even if penalty wages are recoverable, attorneys' fees could not be awarded since the suit was not for recovery of "unpaid wages" but only for penalties.
Since the statutory provisions have been termed as coercive or penal in nature, they must be strictly construed, and may not be extended beyond the plain wording of the statute, yielding in interpretation and application to equitable defenses. Scallan v. Mark Petroleum Corporation, 303 So.2d 498 (La.App. 2nd Cir., 1974), writ denied, La., 307 So.2d 370. Defenses have been recognized as equitable where the employer had a good faith belief that the discharged employee had embezzled (Foreman v. Pelican Stores, 3rd Cir., 1945, La. App., 21 So.2d 64); where neither employee nor employer knew the amount of wages due to the employee (Bridges v. McClenaghan, 2nd Cir., 1943, La.App., 14 So.2d 652); where laborer's demand exceeded that for which he was entitled under the employment contract (Duke v. Ford, Bacon and Davis, 2nd Cir., 1932, 19 La.App. 27, 138 So. 675); and where there was a bona fide good faith dispute regarding the amount owed (Robertson v. International Motor Company of Houma, Inc., 1st Cir., 1975, La.App., 314 So.2d 531).
Exxon cites Robertson, supra, in support of their contention that the delinquent wages were in dispute prior to payment and thus their actions were not in bad faith, arbitrary, nor unreasonable.
However, Robertson is distinguishable:
1. Unlike the case at bar, Robertson was not a hearing on an exception of no cause of action, wherein all well-pleaded facts in the petition are conceded as correct; and
2. In Robertson, the trial judge found and the appellate court affirmed, as a matter of fact, that the evidence supported the conclusion that the employer was in good faith in disputing the wages and hence the delay in payment was justified, whereas the petition here does not disclose any grounds for justifying Exxon's delay in paying Sifers his wages.
In Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.Sup.Ct., 1975), the court observed:
"The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well-pleaded allegations of fact is conceded, the issue is whether the face of the petition presents a case which legally entitles the mover to the redress sought. It is the sufficiency of the petition or motion in law which is put at issue by the exception. Rebman v. Reed, 286 So.2d 341 (La., 1973); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968)."
Thus, we accept as true, for the purpose of our deliberation, only the allegations of fact stated in Sifers' petition.
*766 Appellee cites Harrison v. First National Funeral Homes, Inc., 244 So.2d 102 (La.App. 3rd Cir., 1971), for the proposition that the two requisite elements of proof to a claim for penalties and attorneys' fees are: 1) that wages actually are owed, and 2) that such wages have not been paid. They aver that "appellant's petition met neither burden here." Harrison is not applicable, for in that case, there was a finding of a good faith dispute.
In Whitehead v. E. J. Deas Company, Inc., 9 La.App. 47, 118 So. 856 (2nd Cir., 1928), the employer offered to pay employee the wages owed, but employee refused to accept same. The court concluded that the employee could not recover penalties after the date of the offer to pay the amount of wages claimed but also held "as to the penalties which had accumulated prior to the date of the offer to pay," that the employer was liable for such wages. Whitehead was followed by Neeley v. Magnolia Gas Company, 15 La.App. 224, 131 So. 589 (2nd Cir., 1930), which indicated clearly that a discharged employee could recover penalty wages up to the date when the employer tendered payment. Also, see Hazel v. Robinson and Young, 187 La. 51, 174 So. 105 (La.Sup.Ct., 1937).
We conclude that the plain meaning of "penalty wages" contemplates recovery of same even if the regular wages initially sought were, in fact, paid after demand but prior to suit.
Regarding the separate question of attorneys' fees, Exxon contends "(i)t is obvious that if no unpaid wages are recovered, no attorneys' fees are to be granted." This presumes that "unpaid wages" do not include "penalty wages." Appellee's position that the "penalty wages" are not "wages" such as to trigger the application of the attorneys' fees proviso of LSA-R.S. 23:632 is unpersuasive. The statute, as amended in 1964, provides for attorneys' fees in the event "a well-founded suit for any unpaid wages whatsoever" be filed by the laborer or employee. Prior to said amendment, attorneys' fees were only allowed in the event "a just suit" be filed. The purpose of the amendment inter alia was ". . . to provide that the employer's liability for penalty wages shall be limited to 90 days and to provide for attorneys' fees for the employee." Additionally, the body of Section 632, as amended, specifically refers to the penalty to be imposed as "penalty wages." Finally, the amended Section 632 provides for attorneys' fees ". . . in the event a well-founded suit for any unpaid wages whatsoever be filed. . ." The modifying word "whatsoever" has been principally defined as meaning "whatever" which in turn, as an adjective, has a first meaning: "of no matter what type, degree, quality, etc." Webster's New World Dictionary, College Edition. The phrase "unpaid wages whatsoever" when read in pari materia with the reference to "penalty wages" in the preface to the 1964 Amendment as well as Section 632 proper, reflects a legislative intendment that the word "wages" in the last sentence of Section 632, is not to be construed so narrowly as to exclude what might be referred to as a "penalty wage." Accordingly, reasonable attorneys' fees may be awarded by the trial court in the event of a well-founded suit for penalty wages. See Rubenstein Bros. v. LaForte, La.App., 320 So.2d 303 (4th Cir., 1975).
In Hero Lands Company, supra, the Supreme Court reiterated the rule of law that:
"(i)f a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Louisiana & Arkansas Railway Company v. Goslin, 258 La. 530, 246 So.2d 852 (1971); Burns v. Genovese, 254 La. 237, 223 So.2d 160 (1969); Little v. Haik, 246 La. 121, 163 So.2d 558 (1964); Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); United Mine Workers v. Arkansas Oak Flooring Co., 238 La. 108, 113 So.2d 899 (1959)." (Emphasis supplied.)
We accept, as true, all well-pleaded facts in plaintiff's petition for the purpose of considering the exception of no cause of action. The petition, on its face, states a cause of action. The trial court erred in sustaining Exxon's exception of no cause of *767 action. The exception is overruled and the matter is remanded for trial on the merits with respect to all issues raised in Sifers' original petition. Costs of this appeal are to be paid by defendant-appellee.
REVERSED AND REMANDED
LEMMON, J., concurs and assigns reasons.
LEMMON, Judge (concurring and assigning reasons).
I agree that the petition states a cause of action to recover the penalty imposed by R.S. 23:632, for failure to comply with R.S. 23:631. This cause of action (if proved at a trial on the merits) accrued when Exxon failed to pay timely "the amount due under the terms of employment", and subsequent untimely payment of that amount only did not affect the accrued cause of action for the statutory penalty.
The legal issue of entitlement to attorney's fees is not nearly so clear, and I deem it preferable to consider this difficult issue after a full hearing in the trial court and briefing and oral argument in this court, especially since the case must be now tried on the merits and the attorney's fees issue will entail virtually no additional expense or delay.
The penalty provision was designed to insure prompt payment of a well-founded claim for wages, whereas the provision for attorney's fees was designed to fund prosecution of these claims which often are not otherwise economically feasible. If we allowed untimely payment of wages to erase the cause of action for accrued statutory penalties, we would defeat the purpose of the penalty provision. But I am not sure that the same rationale applies to a demand for attorney's fees in a suit filed after the wages have already been paid, especially if the claimant did not hire an attorney until after payment of the wages. The important legislative intent question as to whether the provision for attorney's fees was designed to fund prosecution of a claim solely for statutory penalties is one which is more appropriate for full consideration at an appeal after a trial on the merits than for piecemeal consideration on exceptions.
NOTES
[1] "§ 631. Discharge or resignation of employees; payment within 24 hours after termination of employment

"It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the equipment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid."
"§ 632. Liability of employer for failure to pay; attorneys' fees
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day's wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys' fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation. As amended Acts 1964, No. 422, Sec. 1."