339 So.2d 1331 (1976)
Joseph H. NOLFO
v.
Henry LANDECHE d/b/a Signal Electronics.
No. 10977.
Court of Appeal of Louisiana, First Circuit.
November 15, 1976.
James C. Walker, Jr., Houma, for appellee and plaintiff.
Philip J. McMahon, Houma, for appellant and defendant.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
This is a suit for commissions due under a verbal contract of employment and for penalties and attorneys' fees under LSA-R.S. 23:631 and 632. The lower court gave judgment in favor of the plaintiff for $1,814.61 plus $453.66 attorneys' fees, together with interest of seven per cent per annum from date of judicial demand on the principal and attorneys' fees. Defendant has appealed from this judgment.
The issues are the applicability of LSA-R.S. 23:631, the adequacy of plaintiff's proof and the validity of the award for attorneys' fees. We amend and affirm.
Plaintiff was employed by defendant as a salesman under a verbal agreement calling for a salary of $500.00 per month plus a 10% commission on all sales made by him. On the afternoon of February 12, 1974, plaintiff resigned.
The parties have stipulated that appellee did in fact sell certain equipment prior to terminating his employment, for which he received no commissions. Defendant contends, however, that procuring the signature of the customer on the order form was only a portion of the work for which he was paid a commission; that since plaintiff never completed this work, he is entitled to only a portion of his commission on each sale, based on the amount of work he did *1332 compared to the total work that was required to complete the sale.
LSA-R.S. 23:631 reads as follows:
"It shall be the duty of every person employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid."
Our research has not revealed any case in which the statute was held applicable to commissions. In Gros v. LeBlanc, 304 So.2d 49 (La.App. 1st Cir. 1974), this court held the statute inapplicable to employment by the hour and for an indefinite length of time. Gatti v. Southern Research Company, Inc., 271 So.2d 376 (La.App. 2d Cir. 1972), held that the plaintiff's claim did not come within the statute when the rate of pay was indefinite and the employment was for the duration of a case in court. Dunn v. Bessie F. Hiern School, Inc., 209 So.2d 538 (La.App. 4th Cir. 1968) writ refused, 252 La. 469, 211 So.2d 231, holds the statute inapplicable to a teacher's employment contract for a term of nine months. Colbert v. Mike-Baker Brick Co. of New Iberia, Inc., 326 So.2d 900 (La.App. 3rd Cir. 1976) held the statute applicable despite defendant's contention that the plaintiff was employed at an hourly rate and for an indefinite period of time, saying that the employment was "by the . . . week," when he was paid weekly. See Weaver v. Mid America Distributing Co., 309 So.2d 370 (La.App. 2nd Cir. 1975) in which the decision allowing two per cent of gross profits as part of the award was affirmed without comment on this point. We hold that LSA-R.S. 23:631 is applicable under the circumstances.
This case involves primarily a question of fact and great weight must be given to the ruling of the trial judge. Canter v. Koehring Company, 283 So.2d 716 (La.1973). The facts recounted above together with plaintiff's testimony that he was not required under the employment contract to do more to complete the sale than he did, support the court's finding that appellee is entitled to a full commission on all sales made by him.
However, the trial court awarded commissions on a sale of $825.00 to Acadian Ambulance Service and a sale of $1,618.45 to Morvant. Plaintiff testified these figures should have been $625.00 and $1,536.45. We therefore amend the judgment of the trial court and award commissions in the amount of $1,786.41.
Under the provisions of LSA-R.S. 23:632, the trial court awarded $453.66 in attorneys' fees but declined to award any sum for penalties. The question of refusal of penalties is not before us since plaintiff has neither appealed nor answered the appeal. Defendant claims, however, that the award of attorneys' fees to plaintiff was erroneous because they are not proper when there is a bona fide dispute as to wages due. But in Porter v. Lombardino, 303 So.2d 493 (La.App. 2nd Cir. 1974), writ refused, 307 So.2d 370 (La.1975), the court allowed attorneys' fees, citing the specific language of the statute.[1]
In Robertson v. International Motor Company of Houma, Inc., 314 So.2d 531 (1975), this Court, following Porter, awarded attorneys' fees even though there was no bad faith or arbitrariness on the part of the employer. The opposite result in Colbert v. Mike-Baker Brick Co. of New Iberia, Inc., supra, is reached by employing the "equitable defense" doctrine, without mention of *1333 the words of the statute or of the Porter and Robertson cases.
We hold that the award of attorneys' fees is valid and that the amount awarded is within the wide discretion granted to the trial judge.
Accordingly, we affirm the judgment as amended. Defendant-appellant is cast with all costs of these proceedings.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] LSA-R.S. 23:632 (in part) "Reasonable attorneys fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event of a well founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation."