328 So.2d 788 (1976)
Betty Jane DUHON, Plaintiff-Appellee,
v.
PROF ERNY'S MUSIC COMPANY, INC., Defendant-Appellant.
No. 5374.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1976.
James E. Mouton, Lafayette, for defendant-appellant.
Thompson & Sellers, by Roger C. Sellers, Abbeville, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and PAVY, JJ.
*789 PAVY, Judge.
This is a suit for wages, penalties and attorney fees under the continuing-wage penalty statute, R.S. 23:631-2. Plaintiff terminated her employment with defendant on September 28, 1973. On October 5, she presented herself at defendant's place of business and demanded her wages. Defendant's manager offered her a check for $84.79, being the correct net amount due out of $101.95 after certain deductions, and requested plaintiff to sign or sign and complete a "Removal From Payroll" form as a condition to receiving the check. The evidence is not definite whether defendant's manager wanted plaintiff to sign the form in blank or would have allowed her to complete it before signing. Plaintiff refused to sign the form and left with it.
The particular form was filed in evidence and indicates that it was filled out as to plaintiff's name, address and other routine matters but was blank as to other inquiries.
After consulting with her attorney later that day, plaintiff made a written demand by mail upon defendant. The demand letter was received by defendant on October 9, and on the next day he replied by letter in substance that the payroll check was available to plaintiff as soon as she complied with company policy by completing and signing the form. From the contents of this letter, it is clear that plaintiff would have had the right to fill in all blanks on the form as she wished.
Subsequently plaintiff instituted this suit for $175 plus continuing wages as penalties and attorney fees as provided by the said statute. The trial judge awarded $84.79, plus $1,050 as statutory penalties and $350 attorney fees. Defendant has appealed and plaintiff has answered the appeal to obtain an increase of attorney fees.
R.S. 23:631-2 reads as follows:
"631. It shall be the duty of every of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid.
632. Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day's wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney's fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation. As amended Acts 1964, No. 422."
Defendant contends that it was justified in withholding payment until plaintiff signed the form. The jurisprudence recognizes that the employer is entitled to certain equitable defenses against the penalty. See Clevy v. O'Meara, 236 La. 640, 108 So.2d 538 (S.Ct., 1959) and the authorities therein cited. The "Removal From Payroll" form is furnished to employers by some governmental agency and is apparently to facilitate adjustment of rights between employer and employee at employment termination and to establish, for unemployment *790 benefit purposes, the reason for the termination. It contains spaces or blanks for answering certain questions such as amount of wages due, etc. These spaces or blanks are above the place for the employee's signature. Below that place for the employee's signature and above the place for the employer's signature are spaces to designate the reasons for termination of employment and the employer's indication of employee's eligibility for reemployment. No law is cited to show that the employee must sign the form or the employer must insist that the employee sign it.
Although we understand defendant's desire to have the form completed and/or signed and think that perhaps plaintiff may have been somewhat uncooperative in her attitude, we do not think defendant was justified in its position. No case has been cited to us as precise authority for the situation herein. Analogous jurisprudence is contained in the cases of Young v. White Stores, 269 So.2d 266 (La.App.3rd Cir., 1972) and Hendricks v. Air Lines, Inc., 234 So.2d 93 (La.App.4th Cir., 1970). These cases held that company rules or policies as to procedures for issuing checks do not outrank or invalidate state law, that is, the continuing-wage penalty statute. Since the form was not required by law, we see little difference between the facts of those cases and the instant one. Accordingly, we conclude that defendant was not justified in withholding payment until the form was signed and/or completed.
Defendant contends the penalty is not applicable because there was no lack of tender in that plaintiff could have filled out the forms so as to reserve her rights to any wages in addition to those tendered. As previously noted, it is not clear that initially defendant wanted plaintiff to do anything other than sign the form. The check which he offered her and which was introduced in evidence contains language that might be construed to estop her from claiming additional wages. Even if plaintiff could have filled out the form at the initial demand for wages and cashing the check would not have estopped her, defendant's insistence on the signing and/or completion conditioned plaintiff's right to her wages. This is what the statute seeks to avoid. We do not think the statute permits the employer's desires, conveniences or procedures to condition the payment of wages. An equitable or good faith defense to payment of wages is a different thing.
Defendant contends it should not be cast for penalties and attorney fees because there was a dispute as to the amount of wages due. It is true that there was such a dispute but not as to the $84.79. This was admittedly due. Defendant has never claimed it did not owe this amount. Plaintiff's claim for more than that amount does not make the $84.79 disputed wages. If defendant had paid the $84.79 without conditioning the payment, and, after trial, found to owe an additional amount which was in bona fide dispute, then defendant's argument as to the wage dispute defense would be sound. The case of Krison v. Texas Industries, Inc., 253 So.2d 614 (La.App.1971, 2nd Cir.) relied on by defendant involved a bona fide dispute as to whether any termination pay whatsoever was due. It was held that the employer was not obligated to tender anything. Here there is a dispute only as to the amount in excess of the $84.79. That $84.79 was undisputed but never tendered unconditionally. See the Clevy case, supra, wherein an employer paid admittedly due wages and unsuccessfully resisted additional wages but was not liable for penalties and attorney fees because there was a bona fide dispute as to the additional wages.
Because of the additional efforts and time in this appeal, we think that an increase in the attorney fee ward is warranted. Considering all the factors especially the small amount involved, we will increase the award by $150 to a total of $500.
*791 Accordingly, for reasons assigned, the judgment of the district court is amended so as to increase the award for attorney fees to $500 and as thus amended it is affirmed.
AMENDED AND AFFIRMED.
DOMENGEAUX, J., concurs and assigns reasons.
DOMENGEAUX, Judge (concurring).
I conclude that the defendant's manager was in good faith in believing that he could cause the employee to sign the form as a condition to receiving the check. This is not, however, an equitable defense against the penalty which the jurisprudence recognizes. I find the remedy harsh in this case, but it is for the legislature and not the courts to mitigate the harshness of this penalty for nonpayment of wages when found without contradiction to be due.