JOHNSON, Judge.
This is an appeal from a judgment by the trial court granting to an employee judgment for his unpaid wages and court costs. The judgment denied the employee’s demands for attorney’s fees and statutory penalties. The judgment was signed on the 24th day of June, 1977, prior to the recent amendments of LSA-R.S. 23:631 and 23:632. These statutes were amended in the third regular session of the Louisiana Legislature held in 1977.
Jimmie Carriere, the plaintiff, worked as a repairman-mechanic, for the employer, Pee Wees’ Equipment Co., for a period of three months from July 8th to October 9th, 1974. He traveled to the premises of various customers during this period of time. He worked in the general area around Lafayette, as well as working at the place of business in Lafayette. Because of Carri-ere’s travel, he and Arnold Murray, owner and manager, made an arrangement whereby the employer loaned Carriere $200.00 with which to make a down payment on a pickup truck. The truck would be used by Carriere in his work. The company did pay him fifteen cents per mile for the use of the truck. The company was to withhold the truck payments until the debt was repaid.
Plaintiff walked off the job on October 9th, at noon, without saying anything to anyone in the company. According to the evidence, this was three or four days before pay day. Carriere went home. The company heard nothing further from him until Carriere’s wife, telephoned defendant’s bookkeeper, Mrs. Velma Snow, at the place of business in Lafayette and asked that the plaintiff’s check be mailed to him. This call was about a month after Carriere had quit his job.
*1224 Carriere’s unannounced leaving left a number of matters unresolved with the company. First, there was some jobs Carri-ere was working on which had not been finished. The company hoped that by talking to him they could persuade him to continue working or to continue in his employment until these jobs were finished. The company apparently was satisfied with Car-riere’s work. The evidence shows that they wanted him to continue working. Secondly, Carriere owed the company $200.00 which he had borrowed from them in order to make payment on the truck. The company wanted to see what arrangements Carri-ere wanted to make about this. Thirdly, the company had issued Carriere some work uniforms when he started working for them. He was supposed to turn in these work uniforms upon termination of his employment. Carriere’s testimony is to the effect that on the last day that he worked, he threw all of the uniforms into a pile at the employer’s place of business. The' evidence shows that the employer did not know this, even though this may have been true. The employer was under the impression that Carriere still had the ten uniforms which did not belong to the employer but belonged to a rental service. The employer was responsible for the return of these uniforms. The evidence shows that Mr. Murray saw Carriere at a distance some few weeks after Carriere had quit. When Mr. Murray saw Carriere, Carriere was wearing one of the rental uniforms. Fourthly, Car-riere owed some small amount of money to the company variously estimated by Carri-ere and the company bookkeeper at from $2.00 to $5.00.
Arnold Murray, the owner and manager of the company, testified that he was anxious for Carriere to come by the place of business so that he could discuss these various matters with him.
The testimony of Arnold Murray, and that of his bookkeeper and office manager, Velma Snow, (which testimony is uncontra-dicted), is that a check was written for the wages due to the plaintiff, Jimmie Carriere. This check was ready and available for delivery to Carriere at any time he came to the office for it. The evidence shows, and the plaintiff agrees, that he always got his check at the office. The evidence further shows that he never, at any time even up to the present date, went to the office to pick up his last check. The testimony of the bookkeeper is that some few months after the plaintiff quit, she requested of the owner that she be allowed to void the check in order to properly balance her books. The conversation between her and the owner, Arnold Murray, was that they could always write another check if Mr. Carriere came in. The evidence shows that the only contact that Carriere ever had with the office was his wife’s telephone call to have the check mailed.
The evidence shows that when plaintiff’s wife made this call, that Carriere, the plaintiff, posted himself close to the receiver of the telephone so that he could hear the incoming conversation as well as his wife’s conversation.
Subsequently, on April 17, 1975, some six months subsequent to the plaintiff’s quitting his job, suit was filed. The case was tried on the 18th day of May, 1977. Judgment was read and signed on the 24th day of June, 1977. It is admitted that to this date, plaintiff has never gone by the place of business to ask for his check.
The foregoing outlines the factual situation as we appreciate it and apparently as the trial judge found from the evidence. The trial court found that the telephone call by the wife of the plaintiff under these circumstances represented a proper demand under the law, LSA — R.S. 23:631, et seq., and rendered judgment in plaintiff’s favor for the amount of his unpaid wages. The trial court found that the employer had reasonable justification for withholding plaintiff’s check and declined to assess penalties and attorney’s fees. Plaintiff has appealed.
We pretermit any discussion of the trial court’s ruling with respect to proper demand being made herein. We do not find it necessary for us to consider the question of demand since we agree with the trial *1225 court’s judgment that the employer, under the circumstances here, was completely justified in his actions herein and thus not liable for penalties or attorney’s fees.
In the case of Becker v. Choate, 204 So.2d 680 (La.App. 3 Cir. 1967), this Court considered a case where there were a number of equitable considerations or defenses which the employer was entitled to claim so as to negative the assessment of penalties and attorney’s fees under the law. The Court in that case did award the amount of back wages due, after allowing a setoff against wages due, for the loss of the employer’s property caused by the employee’s fault.
In Colbert v. Mike-Baker Brick Company of New Iberia, Inc., 326 So.2d 900 (La.App. 3 Cir. 1976), a similar situation occurred wherein this Court reached the same result. In the Mike-Baker case, the employee twice caused damage to the company’s equipment. The Court did not find that this was through the employee’s fault. The Court states on page 904, and I quote:
“Although the issue of plaintiff’s negligence in damaging the Superlite is close, we are unable to find that defendant has proved by a preponderance of the evidence that plaintiff was negligent. Accordingly, we find plaintiff is entitled to recover the $36.30 withheld from his wages.
[8] However, we think defendant did have reasonable grounds to withhold the wages, and it was therefore not arbitrary or capricious so as to be subject to penalties and attorney’s fees. In Becker v. Choate, 204 So.2d 680 (3rd Cir. 1967), we stated the applicable law as follows:
‘ “While cases on this point generally state that R.S. 23:632 is subject to ‘equitable defenses’, we are of the opinion that the word ‘defenses’ does not mean a ‘defense’ in a strict sense of the word. Rather, the tenor of these cases seems to indicate that the court will refuse to assess penalties and attorneys’ fees where the facts of the particular case strongly indicate that greater justice will be attained by such refusal. These facts then become equitable consideration, or ‘defenses’ in a loose sense of the word, which will move the court to deny the penalties.” ’
“We find this case comes within the rule of Becker v. Choate, supra, and the cases cited therein. Defendant reasonably believed it was justified in withholding an amount from plaintiff’s wages. The ultimate realization that the action was improper does not prevent that action from constituting and ‘equitable defense’ in a suit for penalties and attorney’s fees.”
The Supreme Court has decided similarly in several cases. Strickland v. American Pitch Pine Export Co., 224 La. 949, 71 So.2d 338, (1954); Clevy v. O’Meara 236 La. 640, 108 So.2d 538 (1959); Mitchell v. First National Life Insurance Company, 236 La. 696, 109 So. 61, (1959). Admittedly, these cases deal with the law as it existed prior to the amendments of 1964. The only amendment relative to our decision herein, we feel, is a change from the wording in the defining of the word “suit” in R.S. 23:632. In the law in effect between 1936 and 1964 the pertinent part of the statute reads as follows:
“. . . . Reasonable attorneys’ fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a just suit be filed by the laborer or employee . . . .” (Emphasis by the court)
The law as amended in 1964 referring to the same portion reads as follows:
“. . . . Reasonable attorneys’ fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee . . . .” (Emphasis by the court)
A careful reading of the above referenced decisions by the Supreme Court convinces us that the Supreme Court would have reached the same results under the statute as it was amended in 1964 as they did with the statute in effect at the time the Supreme Court’s decisions were rendered. *1226 Undoubtedly, the Legislature had some purpose in mind in making the change in the law. Perhaps it was to make the law more precise. Whatever the legislative intent, it is our conclusion that the law, as enunciated by the Supreme Court in the above referenced decisions, is applicable to the facts of this case. We feel that the same result would be reached by the Supreme Court under the facts of this case.
For the above and foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.
GUIDRY, J., concurs in the result.