BOLIN, Judge.
Plaintiff sued his former employer for $600 for past due salary, penalty wages and attorney fees under La.R.S. 23:631-2. From judgment awarding plaintiff $160 (representing 4/sths of one week’s salary) and $500 attorney fees, but rejecting the demand for penalty wages, both parties appeal. We amend to increase the award for attorney fees and as amended affirm.
The issues relate to whether penalty wages and attorney fees should be awarded.
The versions given by plaintiff and defendant as to the nature of plaintiffs employment, his salary and the date of termination differ substantially. Plaintiff contends he was hired by the defendant insurance company on March 2,1977 as a district manager for the Baton Rouge area at a weekly salary of $200. He alleges the last salary he received was for the week ending April 9,1977 and that he tendered his resignation on April 28, 1977. He maintains he is entitled to three weeks pay at $200 per week from April 9 until April 28th.
The president of defendant company was the primary witness for the defense. He at first testified plaintiff was never hired as a district manager but had only been hired to work under a “builder’s contract.” However, he later admitted that plaintiff did serve as a district manager until some time in April of 1977, when he was relieved of these duties and instructed to work under a builder’s contract which carries no set salary. He testified plaintiff failed to perform his duties under the builder’s contract and therefore earned no salary during the three weeks in question.
In his reasons for judgment, the trial judge agreed with plaintiff’s contention that he had been hired as a district manager in March of 1977, but he also found that the company became dissatisfied with plaintiff’s performance of these duties. He found the president of defendant company relieved plaintiff of these duties at a luncheon meeting on April 14,1977 in Shreveport when he informed plaintiff he was to work instead under a builder’s contract which carried no set salary. Accordingly, the trial *807 court rejected plaintiff’s contention that he worked as a district manager until April 28, when he tendered his resignation. The record supports the findings of the trial court and we adopt them as our own.
Using April 14 as the date plaintiff was relieved of his duties as district "mariag'er, the trial court held that plaintiff was entitled to his salary as district manager for the work week of April ll-15th. The court refused to award plaintiff penalty wages under La.R.S. 23:632 because there was a bona fide dispute as to the amount owed. Attorney fees in the amount of $500 were awarded.
The issues raised deal with the application and interpretation of La.R.S. 23:631-2 which provide:
§ 631.
It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid.
§ 632.
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day’s wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney’s fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation.[1]
Plaintiff’s first argument on appeal is that the trial court erred in not assessing penalty wages under La.R.S. 23:632.
The penalty wage provisions contained in this statute are harsh and coercive *808 in nature and must be strictly construed. If the employer has some equitable justification for non-payment of wages, the penalties will not be imposed. Scallan v. Mark Petroleum Corp., 303 So.2d 498 (La.App. 2d Cir. 1974), writ denied 307 So.2d 370 (La.1975); Porter v. Lombardino, 303 So.2d 493 (La.App. 2d Cir. 1974), writ denied 307 So.2d 370 (La.1975); Otwell v. Howard Lumber & Supply Co., Inc., 283 So.2d 826 (La.App. 2d Cir. 1973), writ denied 286 So.2d 364 (La.1973). As stated in the Otwell case:
Thus, where there is a bona fide dispute or question as to whether wages are due, a failure to pay may not properly be classified as an arbitrary refusal to pay under the terms of the statute. Under such circumstances penalties are not properly allowable. It is not sufficient to warrant the imposition of penalties to merely establish there were wages actually due and owing. Two additional facts are essential elements to be established in order that penalties may be held to have been incurred; they are a demand for payment, in accordance with the provisions of the statute, and an arbitrary refusal to pay following demand. The burden of proof is upon the former employee to establish all the essentials prerequisite to recovery.

The trial court found a bona fide dispute between the parties as to the amount owed and concluded that the defendant was in good faith in opposing the claim. Plaintiff argues, however, that the employer acted arbitrarily in not paying him for the one week’s salary which the trial court ultimately found due.
Plaintiff relies upon Duhon v. Prof. Erny’s Music Co., Inc., 328 So.2d 788 (La.App. 3d Cir. 1976) for the proposition that the employer must pay the undisputed portion, even though he resists the remainder of the claim, in order to escape the imposition of penalty wages. In Duhon the plaintiff brought suit for $175 unpaid wages. The defendant employer never disputed that he owed $84.79 of this claim. Penalties were imposed because of the failure to pay the undisputed portion of the claim.
We have no quarrel with the rationale of the Duhon case.[2] Nevertheless, it is distinguishable from the case at bar in which the employer went to trial contending that it owed plaintiff nothing. It was only after trial on the merits that the court found plaintiff was due one week’s salary. While it is true the employer was ultimately unsuccessful in its contention that it owed plaintiff nothing, this does not mean the amount of the salary found due was “undisputed” or that the employer acted in bad faith in resisting the claim. We find the trial court was correct in denying penalty wages.
The issue presented by the employer’s appeal relates to the award of attorney fees. It contends the trial court erred in relying on jurisprudence from this circuit which holds an award of attorney fees under La.R.S. 23:632 is proper even when the employer acted in good faith. Scallan v. Mark Petroleum Corp., supra; Porter v. Lombardino, supra; see also Nolfo v. Landeche, 339 So.2d 1331 (La.App. 1st Cir. 1976); Robertson v. International Motor Co. of Houma, Inc., 314 So.2d 531 (La.App. 1st Cir. 1975); Rubenstein Bros. v. LaForte, 320 So.2d 303 (La.App. 4th Cir. 1975). Defendant argues we should adopt the position taken by the third circuit in Carriere v. Pee Wee's Equipment Co., 361 So.2d 1223 (La. App. 3d Cir. 1978) which held that equitable defenses by the employer preclude an award for attorney fees.
Defendant’s argument is without merit. The Louisiana Supreme Court granted writs in the Carriere case, reversed the third circuit, and resolved the conflict between the courts of appeal. The court held that an award for attorney fees is mandatory if the employee recovers unpaid wages. Carriere v. Pee Wee’s Equipment Co., 364 So.2d 555 (La.1978).
*809 Plaintiff’s other argument on appeal is that the $500 award for attorney fees should be increased. We agree. In view of the additional work done in connection with this appeal, we find the award should be increased to $750.
The judgment of the lower court is amended to increase the award for attorney fees to $750; in all other respects it is affirmed at the cost of defendant.

. After this suit was filed the legislature amended these two statutes by Act 317 of 1977. The statutes presently provide:
§ 631.
A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person im-ploying such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section.
* * * * * *
§ 632.
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.

. The addition of ¶ B to La.R.S. 23:631 by the legislature in 1977 appears to be a codification of the rationale of the Duhon case. See footnote 1, supra.