499 So.2d 945 (1986)
Sheldon LeDOUX, Plaintiff-Appellee,
v.
BAY STATE MANAGEMENT CORPORATION, Defendant-Appellant.
No. 85-1028.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
Sandoz, Sandoz & Schiff, Lawrence B. Sandoz, III, Opelousas, for defendant-appellant.
Jerry J. Falgoust, Brinkhaus, Fauzat & Falgoust, Opelousas, for plaintiff-appellee.
Before DOUCET, LABORDE, and KNOLL, JJ.
LABORDE, Judge.
Bay State Management Corporation (Bay State) appeals a city court judgment awarding its former employee, Sheldon LeDoux, $6,107.63 in wages, penalties, and attorney fees pursuant to LSA-R.S. 23:631 and 632.[1] We amend the judgment to award an additional $500.00 in attorney fees and affirm as amended.
*946 Bay State, which hired LeDoux in 1974, is a finance and insurance (F & I) consulting firm. Bay State places its employees in automobile dealerships to arrange the financing of new car purchases. LeDoux was assigned to the Diesi dealership in Opelousas, La., and was to receive compensation in the amount of 16% of the gross F & I income generated each month at the Diesi dealership. LeDoux's compensation was fixed by the terms of his employment contract which became effective in June, 1981.
By letter dated October 11, 1983, David Womer, president of Bay State, announced to LeDoux that Bay State planned to terminate its "resident program" at the Diesi dealership effective November 1, 1983. According to plan, Womer appeared at Diesi on November 1, 1983, and gave Ledoux a check for $1,200.00, his minimum guaranteed compensation under the employment contract. LeDoux testified that he immediately demanded an additional $236.73, because 16% of his department's gross (F & I) income for the month of October, 1983 was $1,436.73. On November 15, 1983, LeDoux was paid an additional $180.80[2] by check marked "Final Comp. Ending 11/1/83." LeDoux then sued Bay State for the remaining balance of $55.93.
The issue on appeal is whether the trial court, after awarding LeDoux $55.93 in unpaid wages and $1,200.00 in attorney fees, erred in additionally assessing penalty wages against Bay State.
Bay State has admitted that it owes LeDoux $55.93 in unpaid wages. It complains, however, that there are equitable defenses which preclude imposition of penalties under LSA-R.S. 23:631 and 632, namely, that its failure to fully and timely compensate LeDoux was unintentional and without malice. Bay State, through Womer, testified that its final payment was erroneously but unintentionally computed on the basis of the Diesi dealership's adjusted gross, rather than gross, F & I income.
The statutory rule allowing for imposition of penalty wages admits of a jurisprudential exception where a bona fide dispute exists as to wages due. To support a claim for penalty wages, the employer's actions must have been motivated through bad faith, or the employer must be found to have acted in an arbitrary or unreasonable manner given the circumstances. Agusiegbe v. Petroleum Associates Of Lafayette, Inc., 486 So.2d 314 (La.App. 3d Cir. 1986). The employer is thus liable for penalties whether he be malicious, arbitrary, or merely negligent in his failure to timely pay wages due. See Pace v. Parker Drilling Company And Subsidiaries, 382 So.2d 988 (La.App. 1st Cir.), writ denied, 383 So.2d 1016 (La.1980). Plaintiff here went three for three at the plate in Opelousas, for the city court below found Bay State arbitrary, unreasonable, and in bad faith in dealing with its former employee. We agree with the lower court for several reasons: 1) both LeDoux and Wormer signed a plainly-worded employment contract by which LeDoux was to be paid 16% of his department's gross, not adjusted gross, F & I income; 2) Bay State paid LeDoux each month for over two years in strict conformity with this agreement; and 3) there is no indication in the record that Bay State ever attempted to correct its admitted error.
The terms of LSA-R.S. 23:632 provide for the imposition of attorney fees in connection with a well-founded suit for any unpaid wages whatsoever. Under the decisional law, attorney fees for additional efforts on appeal are also awardable. Aguisiegbe, supra; Duhon v. Prof Erny's Music Company, Inc., 328 So.2d 788 (La. App. 3d Cir.1976). We amend the city court judgment to provide for an additional $500.00 in attorney fees, or a total judgment of $6,607.63, and affirm as amended at appellant's cost.
AFFIRMED AS AMENDED.
NOTES
[1] R.S. 23:631(A) provides in part:

"Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation."
R.S. 23:632 provides:
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation."
[2] LeDoux also received a check for $45.00 on November 15, as compensation under a separate provision of his contract; this second check is not significant to this proceeding.